UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

MARIA ESCUDERO

    Plaintiff,

v.

ALEJANDRA ALVARADO,
MANUEL ALVARADO,
KAMEHAMEHA CAPITAL LLC,
PIPILES LLC, and
171 GREEN MEADOWS LLC,

    Defendants.
_____/

CASE NO:

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Maria Escudero ("Ms. Escudero"), by and through her undersigned counsel, files this Complaint against Defendants Alejandra Alvarado ("Ms. Alvarado"), Manuel Alvarado (Mr. Alvarado), Kamehameha Capital LLC ("Kamehameha"), Pipiles LLC ("Pipiles"), and 171 Green Meadows LLC ("Green Meadows") in support thereof, alleges the following:

### PARTIES

1. Ms. Escudero is a natural person and resident of Miami-Dade County, Florida.

2. Ms. Alvarado is a natural person and resident of Ohio.

3. Mr. Alvarado is a natural person and resident of Ohio.

4. Kamehameha is an Ohio limited liability company.

5. Pipiles is a Delaware limited liability company.

6. Green Meadows is an Ohio limited liability company.

### JURISDICTION AND VENUE

7. This Court has jurisdiction over this case because it is a federal question.

1

8. This Court has personal jurisdiction over Defendants because they operate, conduct, engage in or carry on a business or business venture in the State of Ohio or otherwise have an office of agency in the State of Ohio.

9. Venue is proper in Ohio, because it is where the causes of action alleged herein accrued.

10. All conditions precedent to the bringing of this action have been performed or have been waived.

## FACTS

11. In or around September 2023, Ms. Escudero met Ms. Alvarado at a real estate conference.

12. An investment opportunity in Pipiles LLC was presented to Ms. Escudero.

13. Ms. Alvarado represented that an investment in one of her companies would entitle Ms. Escudero to a percentage return of her contribution and that Ms. Escudero would be able to withdraw her money at any time with no penalty.

14. After hearing Ms. Alvarado's explanation of the opportunity, Ms. Escudero became very interested in the investment and requested additional information.

***The Pipiles Agreement***

15. Ms. Alvarado then gave Ms. Escudero a Confidential Private Placement Memorandum, detailing everything pertaining to the Pipiles deal. *See* Pipiles Agreement attached hereto as **Exhibit 1**.

16. Within the Pipiles Agreement, under the subsection titled "Fund Management" the agreement specifies that "the Fund will be managed by Kamehameha Capital LLC." *See id.*, p. 32.

17. Moreover, Kamehameha is the Manager of Pipiles.

2

18. Ms. Alvarado is the Managing Member of Kamehameha Capital.

19. Mr. Alvarado is a founder of Kamehameha Capital and an operator of the business.

20. Within the Pipiles Agreement, the "Terms of Offering" section stated that "[t]he Fund's target is to pay . . . Class D Preferred Members a return of 10% for each 12 months." *Id.*

21. Additionally, the Pipiles Agreement provided that "[t]he Manager [would] make monthly distributions from Net Cash Flow to each Class D Membership Unit holder for each one-year term in an amount equal to the amount of their Class D Capital Contribution multiplied by 0.83% (10% annually) over a period of 4 years." *Id.*

22. Furthermore, "[a]t the end of the 48th month, [Kamehameha] [would] make distributions to the Investors equal to the 5% of their respective capital contribution for each 12 months of the duration of their capital contribution." *Id.*

23. Based on Ms. Alvarado's representations and the Confidential Private Placement Memorandum, Ms. Escudero agreed to the deal with Pipiles—purchasing 10 Class D shares in Pipiles for a sum of $10,000.00 on or around September 11, 2023.

24. Ms. Escudero received distributions in an amount equal to the amount of her $10,000.00 Class D Capital Contribution multiplied by 0.83%, equaling $83.00 per month, or approximately $1,000.00 annually.

25. Satisfied with the assured returns from this deal, Ms. Escudero contacted Ms. Alvarado to inquire about other investment opportunities.

*The Green Meadows Agreement*

26. On or about March 6, 2023, Ms. Alvarado informed Ms. Escudero of the Green Meadows deal.

3

27. The structure of this deal was substantively identical to the Pipiles deal. *See* Green Meadows Agreement attached hereto as **Exhibit 2**.

28. Within the Green Meadows Agreement, under the subsection titled "Fund Management" the agreement specifies that "the Fund will be managed by Kamehameha Capital LLC." *See id.*, p. 32.

29. Moreover, Kamehameha is the Manager of Green Meadows.

30. Ms. Alvarado is the Managing Member of Kamehameha Capital.

31. Mr. Alvarado is also a managing member of Kamehameha Capital

32. Within the Green Meadows Agreement, the "Terms of Offering" section stated that "[t]he Fund's target is to pay . . . Class D Preferred Members a return of 10% for each 12 months." *Id.*

33. Additionally, the Green Meadows Agreement provided that "[t]he Manager [would] make monthly distributions from Net Cash Flow to each Class D Membership Unit holder for each one-year term in an amount equal to the amount of their Class D Capital Contribution multiplied by 0.83% (10% annually) over a period of 4 years." *Id.*

34. Furthermore, "[a]t the end of the 48th month, [Kamehameha] [would] make distributions to the Investors equal to the 5% of their respective capital contribution for each 12 months of the duration of their capital contribution." *Id.*

35. Based on Ms. Alvarado's representations, the Confidential Private Placement Memorandum, and her previous dealings with Ms. Alvarado in the Pipiles deal, Ms. Escudero agreed to the deal with Green Meadows—this time purchasing 50 Class D shares in Green Meadows for a sum of $50,000.00 on or around March 6, 2024.

4

36. For the first few months, Ms. Escudero received distributions in an amount equal to the amount of her $50,000.00 Class D Capital Contribution multiplied by 0.83%, equaling $415.00 per month, at approximately $5,000.00 annually.

37. In or around September 2024, Ms. Alvarado and Kamehameha discontinued all payments to Ms. Escudero pursuant to both the Pipiles Agreement and Green Meadows Agreement.

38. Ms. Escudero repeatedly attempted to contact Ms. Alvarado or any other representative for Kamehameha regarding their breach of the Agreements and retention of the funds owed to Ms. Escudero.

39. However, none of Ms. Escudero's attempts to resolve this dispute have been responded to.

40. Ms. Escudero tried to withdraw her money, but because she could not get in contact with Ms. Alvarado or anyone else at Kamehameha, she has been unsuccessful in this endeavor.

41. Ms. Escudero's initial investments along with months of distributions entitled to her are being withheld by Ms. Alvarado and Kamehameha.

42. Alejandra Alvarado is the owner, manager, founder, or officer of Kamehameha Capital LLC, Pipiles LLC, and 171 Green Meadows LLC.

43. Manuel Alvarado is the co-owner of Kamehameha Capital.

44. Ms. Alvarado and Mr. Alvardo exercise complete control over these businesses such that each has no separate mind, will, or existence of their own at all times relevant to this Complaint.

45. Ms. Alvarado has grossly undercapitalized and underfunded these businesses at all times relevant to this Complaint.

46. Ms. Alvarado and Mr. Alvarado, in their exercise of complete control of Kamehameha, Pipiles, and Green Meadows, committed fraud through deceptive business practices, including using Ms. Escudero's investment for non-described purposes, fraudulently inducing Ms. Escudero to invest in Pipiles and Green Meadows, and failing to pay Ms. Escudero the full amount due every month under the contract.

**COUNT I**
**BREACH OF CONTRACT**
(*Against Pipiles LLC*)

47. Ms. Escudero incorporates and realleges the allegations in paragraphs 1 through 46 above as if fully set forth herein.

48. On or around September 11, 2023, Ms. Escudero and Pipiles entered into a valid and binding contract. *See* **Ex. 1**.

49. Under this Agreement, Ms. Escudero paid $10,000.00 for 10 Class D shares in the LLC. *Id.*

50. In return, Pipiles was obligated to pay Ms. Escudero 0.83% of her initial investment, on a monthly basis.

51. Ms. Escudero has performed all of her obligations under the Pipiles Agreement.

52. Pipiles has materially breached the Agreement by failing to make any of the monthly payments owed to Ms. Escudero since September 2024.

53. As a direct and proximate result of Pipiles' breaches, Ms. Escudero has been damaged.

WHEREFORE, Plaintiff, Maria Escudero respectfully requests that this Court enter a judgment against Defendant Pipiles LLC for: (a) damages, in an amount to be determined at trial; (b) reasonable attorneys' fees, costs and interest; (c) and for such other and further relief as this Court deems just and proper.

**COUNT II**
**UNJUST ENRICHMENT**
(*Against Pipiles LLC*)
*Plead in the Alternative*

54. Ms. Escudero incorporates and realleges the allegations in paragraphs 1 through 46 above as if fully set forth herein.

55. On or around September 11, 2023, Ms. Escudero paid Pipiles $10,000.00, thereby conferring a benefit on the company.

56. Pipiles knew of the benefit.

57. Pipiles accepted and retained the benefit conferred by keeping the money and refusing to refund the same despite Ms. Alvarado making an oral promise to do so.

58. For the reasons referenced above, it would be inequitable for Pipiles to retain the benefit without paying the value thereof to Ms. Escudero.

59. Accordingly, Pipiles has been unjustly enriched to the detriment of Ms. Escudero.

60. As a direct and proximate result of Pipiles' retaining this benefit, Ms. Escudero has been damaged.

WHEREFORE, Plaintiff, Maria Escudero respectfully requests that this Court enter a judgment against Defendant Pipiles LLC for: (a) damages, in an amount to be determined at trial; (b) reasonable attorneys' fees, costs and interest; (c) and for such other and further relief as this Court deems just and proper.

**COUNT III**
**BREACH OF CONTRACT**
(*Against Green Meadows*)

61. Ms. Escudero incorporates and realleges the allegations in paragraphs 1 through 46 above as if fully set forth herein.

62. On or about March 6, 2024, Ms. Escudero and Green Meadows entered into a valid and binding contract. *See* **Ex. 2**.

7

63. Under this Agreement, Ms. Escudero paid $50,000.00 for 50 Class D shares in the LLC. *Id.*

64. In return, Green Meadows was obligated to pay Ms. Escudero 0.83% of her initial investment, on a monthly basis.

65. Ms. Escudero has performed all of her obligations under the Green Meadows Agreement.

66. Green Meadows has materially breached the Agreement by failing to make any of the monthly payments owed to Ms. Escudero since September 2024.

67. As a direct and proximate result of Green Meadows' breaches, Ms. Escudero has been damaged.

WHEREFORE, Plaintiff, Maria Escudero respectfully requests that this Court enter a judgment against Defendant 171 Green Meadows LLC for: (a) damages, in an amount to be determined at trial; (b) reasonable attorneys' fees, costs and interest; (c) and for such other and further relief as this Court deems just and proper.

**COUNT IV**
**UNJUST ENRICHMENT**
(*Against Green Meadows LLC*)
*Plead in the Alternative*

68. Ms. Escudero incorporates and realleges the allegations in paragraphs 1 through 46 above as if fully set forth herein.

69. On or about March 6, 2024, Ms. Escudero conferred a benefit on Green Meadows by paying it $50,000.00.

70. Green Meadows knew of the benefit.

71. Green Meadows accepted and retained the benefit conferred by keeping the money and refusing to pay it back.

72. For the reasons referenced above, it would be inequitable for Green Meadows to retain the benefit without paying the value thereof to Ms. Escudero.

73. Accordingly, Green Meadows has been unjustly enriched to the detriment of Ms. Escudero.

74. As a direct and proximate result of Green Meadows retaining this benefit, Ms. Escudero has been damaged.

WHEREFORE, Plaintiff, Maria Escudero respectfully requests that this Court enter a judgment against Defendant 171 Green Meadows LLC for: (a) damages, in an amount to be determined at trial; (b) reasonable attorneys' fees, costs and interest; (c) and for such other and further relief as this Court deems just and proper.

## COUNT V
## BREACH OF CONTRACT
(*Against Kamehameha*)

75. Ms. Escudero incorporates and realleges the allegations in paragraphs 1 through 46 above as if fully set forth herein.

76. Ms. Escudero entered into two valid and binding contracts, the Pipiles Meadow Agreement and the Green Meadows Agreement, where Kamehameha was named as the Manager. *See* **Ex. 1** and **Ex. 2**.

77. Pursuant to both Agreements, Kamehameha was obligated to pay Ms. Escudero 0.83% on a monthly basis in the form of distributions. *Id.*

78. Ms. Escudero has performed all of her obligations under Pipiles Agreement.

79. However, Kamehameha has materially breached the Pipiles Agreement by failing to make any of the monthly payments owed to Ms. Escudero since September 2024.

9

80. Kamehameha's breach of its duties under the Pipiles Agreement was done in bad faith, as further evidenced by Kamehameha's refusal to respond to Ms. Escudero or return Ms. Escudero's funds to her following the stoppage of payments to Ms. Escudero.

81. Ms. Escudero has performed all of her obligations under Green Meadows Agreement.

82. Additionally, Kamehameha has materially breached the Green Meadows Agreement by failing to make any of the monthly payments owed to Ms. Escudero since September 2024.

83. Kamehameha's breach of its duties under the Green Meadows Agreement was done in bad faith, as further evidenced by Kamehameha's refusal to respond to Ms. Escudero or return Ms. Escudero's funds to her following the stoppage of payments to Ms. Escudero.

84. As a direct and proximate result of Kamehameha's breaches, Ms. Escudero has been damaged.

WHEREFORE, Plaintiff, Maria Escudero respectfully requests that this Court enter a judgment against Defendant Kamehameha Capital LLC for: (a) damages, in an amount to be determined at trial; (b) reasonable attorneys' fees, costs and interest; (c) and for such other and further relief as this Court deems just and proper.

<u>COUNT VI</u>
**FRAUDULENT INDUCEMENT**
(*Against Alejandra Alvarado*)

85. Ms. Escudero incorporates and realleges the allegations in paragraphs 1 through 46 above as if fully set forth herein.

86. In discussing the "investment opportunities" through both the Pipiles Agreement and Green Meadows Agreement with Ms. Escudero, Ms. Alvarado made several false statements concerning material facts.

87. Specifically, Ms. Alvarado stated that Ms. Escudero would be able to withdraw the investment from either company at any time.

88. Ms. Alvarado knew that this representation was false and intended for Ms. Escudero to act on this false statement.

89. Ms. Escudero, acting on Ms. Alvarado's false statement, invested in both the Pipiles and Green Meadows deals.

90. As a result of her reasonable reliance on Ms. Alvarado's false statement, Ms. Escudero was damaged.

WHEREFORE, Plaintiff, Maria Escudero respectfully requests that this Court enter a judgment against Defendant Alejandra Alvarado for: (a) damages, in an amount to be determined at trial; (b) reasonable attorneys' fees, costs and interest; (c) and for such other and further relief as this Court deems just and proper.

## COUNT VII
## NEGLIGENT MISREPRESENTATION
(*Against Alejandra Alvarado*)
*Plead in the Alternative*

91. Ms. Escudero incorporates and realleges the allegations in paragraphs 1 through 46 above as if fully set forth herein.

92. In discussing the "investment opportunities" through both the Pipiles Agreement and Green Meadows Agreement with Ms. Escudero, Ms. Alvarado made several false statements concerning material facts.

93. Specifically, Ms. Alvarado stated that Ms. Escudero would be able to withdraw the investment from each company at any time.

94. Ms. Alvarado either knew of this misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false.

95. Ms. Alvarado intended for Ms. Escudero to act on this misrepresentation.

96. Ms. Escudero, acting on Ms. Alvarado's false statement, invested in both the Pipiles and Green Meadows deals.

97. As a result of her reasonable reliance on Ms. Alvarado's false statement, Ms. Escudero was damaged.

WHEREFORE, Plaintiff, Maria Escudero respectfully requests that this Court enter a judgment against Defendant Alejandra Alvarado in an amount to be established at trial, together with attorneys' fees and costs pursuant to Article 18 of the Agreement, pre-judgment and post-judgment interest, and for such other and further relief as this Court deems just and proper.

## COUNT VIII
## RICO
*(Against Alejandra Alvarado and Manuel Alvarado)*

98. Ms. Escudero incorporates and realleges the allegations in paragraphs 1 through 46 above as if fully set forth herein.

99. Upon information and belief, Defendants Ms. Alvarado and Mr. Alvarado ("the Alvarados") have engaged in a deliberate and ongoing scheme to defraud various individuals and entities through the use of Pipiles and Green Meadows, both of which they control through their ownership and direction of Kamehameha.

100. At all relevant times, Kamehameha constituted an "enterprise" within the meaning of 18 U.S.C. § 1961(4), as it was an entity through which the Alvarados conducted and participated, directly and indirectly, in the affairs of the enterprise through a pattern of racketeering activity.

101. Defendants the Alvarados have utilized Kamehameha as an instrumentality and enterprise to carry out acts of fraud in violation of 18 U.S.C. § 1348 and related federal statutes prohibiting fraudulent schemes

102. Defendants the Alvarados conduct demonstrates a continuing pattern of fraudulent and deceptive practices, which have resulted in multiple lawsuits being filed against both Kamehameha and the Alvarados individually. True and correct copies of such lawsuits are attached hereto as **Exhibits 3 and 4**.

103. Upon information and belief, there are at least two additional instances of substantially similar misconduct by the Alvarados and Kamehameha, as reflected in public court filings, which exhibit common methods, results, and distinctive characteristics consistent with the fraudulent scheme described herein.

WHEREFORE, Plaintiff Ms. Escudero respectfully requests that this Court (a) enter judgement in favor of Plaintiff against Defendant Alejandra Alvarado and Defendant Manuel Alvarado, (b) award treble damages, (c) award Plaintiff her reasonable attorney's fees and costs, (d) issue appropriate injunctive relief; and (e) grant such other relief as this court deems proper

## COUNT IX
## CIVIL CONSPIRACY TO COMMIT FRAUD
*(Against Manuel Alvarado and Alejandra Alvarado)*

104. Ms. Escudero incorporates and realleges the allegations in paragraphs 1 through 46 above as if fully set forth herein.

105. The Alvarados combined their efforts and planned to commit Fraudulent Misrepresentations and acts as described as herein.

106. The Alvarados mutually agreed or understood to commit this fraud.

107. The Alvarados acted maliciously

108. To further their conspiracy, the Alvarados committed acts constituting fraud as described herein.

109. Ms. Escudero suffered actual damages from the actions of the Alvarados described herein.

13

WHEREFORE, Plaintiff, Maria Escudero respectfully requests that this Court enter a judgment against Defendant Alejandra Alvarado and Manuel Alvarado in an amount to be established at trial, together with attorneys' fees and costs pursuant to Article 18 of the Agreement, pre-judgment and post-judgment interest, and for such other and further relief as this Court deems just and proper.

## COUNT X
## BREACH OF FIDUCIARY DUTY
*(against Kamehameha)*

110. Ms. Escudero incorporates and realleges the allegations in paragraphs 1 through 46 above as if fully set forth herein.

111. Ms. Escudero has invested in Pipiles and Green Meadows.

112. Due to her investment in Pipiles and Green Meadows, Kamehameha had a fiduciary duty to Ms. Escudero.

113. Kamehameha has a fiduciary duty to invest Ms. Escudero's money properly.

114. Kamehameha has a fiduciary duty to not compensate themselves excessively.

115. These duties were breached when Pipiles and Green Meadows failed to pay Ms. Escudero her monthly dues.

WHEREFORE, Plaintiff, Maria Escudero respectfully requests that this Court enter a judgment against Kamehameha Capital in an amount to be established at trial, together with attorneys' fees and costs pursuant to Article 18 of the Agreement, pre-judgment and post-judgment interest, and for such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands trial by jury of all issues so triable.

Dated: January 30, 2026

                                               Respectfully submitted,

**Ridge Law, LLC**

By: */s/ John R. Ridge*
    John R. Ridge (0086046)
    3136 Kingsdale Center #119
    Upper Arlington, Ohio 43221
    Tel: 614-561-7541
    Email: jridge@ridge-law.com
      *Attorney for Plaintiff*

    *And*

    Eduardo A. Maura, Esq.
    Kristen N. Schlotzhauer, Esq.
    *Counsel for Plaintiff*
    *(Pro Hac Vice will be forthcoming)*
    **Ayala Law, P.A.**
    2490 Coral Way, Ste 401
    Miami, FL 33145
    (305) 570-2208
    eduardo@ayalalawpa.com
    kristen@ayalalawpa.com

    By: */s/ Kristen N. Schlotzhauer*
    Eduardo A. Maura
    Florida Bar No. 91303
    Kristen N. Schlotzhauer
    Florida Bar No. 1002829